Hough, J.
In the trial of the cause it developed that “the advice of counsel” was relied upon as a complete defense, although the same had not been specially pleaded.
The error complained of in this respect, and the principal one in the case, arises out of the action of the trial court in refusing defendant’s requests 1 and *398 4 for instructions before argument, and Ms three requests for special findings of the jury.
The court, however, in its general charge to the jury had the following to say on the subject:
“A person may seek the advice of an attorney regarding the matter before he acts. If he does so, and consults a reputable lawyer who is a member of the bar of the jurisdiction in wMch the arrest is made and the prosecution had, and states all of the facts witMn his knowledge fairly and impartially, and such facts as a reasonable person would have obtained under the circumstances, and seeks his advice — that is, the advice of the attorney — as to what course to pursue, and follows it when given; the fact that he did so is a complete defense to an action for malicious prosecution no matter what may result from the prosecution. * * *
“If the arrest was not malicious, or without probable cause, or was upon the advice of counsel, then there can be no recovery in this action notwithstanding that damages occurred to the plaintiff by reason of the arrest.”
This language in relation to the special defense, stressed in argument, is a full and fair announcement of the law pertaining thereto.
The requests for special findings of the jury which were refused by the court are as follows:
“Defendant requests the court to instruct the jurors if they render a general verdict, especially to find upon each of the following particular questions of fact, and to make a written finding upon each of said questions.
“Did the defendant at the time of making the affidavit upon which said prosecution was instituted *399 have reasonable ground to suspect that plaintiff was guilty as charged — supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the plaintiff was guilty?
“Did the defendant before making the affidavit upon which said prosecution was instituted consult a reputable attorney of the Ohio bar, lay before him the facts and circumstances known to said defendant, request said attorney to advise him in the premises, and in good faith rely and act upon said advice in making said affidavit?
“Did the defendant act maliciously in making said affidavit upon which said prosecution was instituted?”
It will be noticed from an examination of the above requests for special findings, that they all three relate to the time of making the affidavit or a time prior thereto. The charge in the petition is that the affidavit was filed on the 5th day of July, 1917, and that after several hearings of the matter the prosecution proceedings were finally concluded on the 3d day of September; that is to say, the proceedings were pending about two months.
The issue therefore made in the pleadings, raising questions of fact concerning the elements included in the right of action for malicious prosecution, to-wit, malice, and presence or absence of probable cause, influenced and affected by “the advice of counsel,” was not confined or limited to the act or acts surrounding the making of the affidavit, but was included in and bounded by the space of time from the institution of the proceedings until the conclusion thereof.
*400 This principle is laid down very clearly in the old ease of Ash v. Marlow, 20 Ohio, 119, and has never been modified or overruled by this court.
An answer by the jury to any one of the three requests would fail to test either of the ultimate and determinative facts raised by the issue in this case, and that the refusal of the court did not result in prejudicial error has been determined by this court in the case of Cleveland & Elyria Elec. Rd. Co. v. Hawkins, 64 Ohio St., 391, where in the second proposition of the syllabus the following holding is made:
“The purpose of Section 5201 of the Revised Statutes [Section 11463, Genéral Code], is to elicit from the jury such special findings of fact as will test the correctness of the general verdict, if a general verdict is returned; and it requires the court, upon request, to direct answers to be returned to such questions, stated in writing, as will elicit from the jury a finding of any fact whose legal effect may be, when considered with other facts admitted or to be found, to show whether or not the general verdict results from an erroneous application of the law; but it does not require the submission to the jury of questions whose purpose is only to ascertain the mental processes by which the jury may arrive at conclusions of fact.’
The court therefore did not err in this respect, and, under the same process of reasoning only a casual examination of requests for instructions Nos. 1 and 4 will disclose that the court committed no error in its refusal of these requests. Neither do we find any error prejudicial to the rights of the defendant below in the ruling of the tidal court on the admission of testimony tending to explain and clarify *401 the final record and disposition of the ease based upon the affidavit in the court of the justice of the peace.
The judgment of the court of appeals is therefore affirmed.

J lodgment affirmed.

Marshall, C. J., Johnson, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., dissents.